JAP:RMT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M11-387**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JAVIER MOLINA,
HERIBERTO RUIZ and
DANIEL SEMINARIO,

        Defendants.

C O M P L A I N T

(21 U.S.C. § 846)

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

    JOSEPH DOHERTY, being duly sworn, deposes and states that he is a Special Agent with the Drug Enforcement Administration of the United States ("DEA"), duly appointed according to law and acting as such.

    Upon information and belief, on or about and between April 11, 2011 and April 12, 2011, within the Eastern District of New York and elsewhere, the defendants JAVIER MOLINA, HERIBERTO RUIZ and DANIEL SEMINARIO, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing heroin, a Schedule I controlled substance.

    (Title 21, United States Code, Section 846.)

    The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. I have been a Special Agent the DEA for approximately 10 years. My information in this case comes from a review of DEA records, interviews and conversations with witnesses and other law enforcement officers, confidential sources, and my own participation in this investigation.

2. From on or about April 11, 2011 through April 12, 2011, the defendants JAVIER MOLINA, HERIBERTO RUIZ and DANIEL SEMINARIO communicated via telephone conversations, text messages and in-person meetings with Confidential Informant 1 ("CI-1")[2/] regarding the purchase of ten kilograms of heroin for approximately $450,000.

3. On or about April 11, 2011, CI-1 met with the defendant DANIEL SEMINARIO at a SEMINARIO's residence in Queens, New York (the "Residence").[3/] During that meeting, which was electronically monitored by DEA agents, SEMINARIO and CI-1 agreed, in sum and substance, that CI-1 would sell SEMINARIO multiple kilograms of heroin for $45,000 per kilogram. During that meeting, SEMINARIO indicated that he wished to purchase a total of ten kilograms of heroin over the course of two transactions. SEMINARIO also informed CI-1 that two other individuals would be funding the purchase.

---

[2/] CI-1 has provided information to the DEA intermittently for approximately eight years in return for cash payments. CI-1 has previously provided reliable information for past investigations that has resulted in the issuance of multiple search warrants and the seizure of narcotics.

[3/] The Residence is an apartment on the second floor of a modified singe-family house.

2

4. On or about April 12, 2011, following numerous telephone conversations and text messages between the defendant DANIEL SEMINARIO and CI-1 that were consensually monitored by DEA agents, CI-1 went to meet with SEMINARIO at the Residence. Shortly before that meeting, DEA agents observed two men, later identified as the defendants JAVIER MOLINA and HERIBERTO RUIZ, enter the Residence. Agents also observed that RUIZ was carrying a red-and-white striped bag when he entered the Residence.

5. When CI-1 entered the Residence, CI-1 continued to negotiate with the defendants JAVIER MOLINA, HERIBERTO RUIZ and DANIEL SEMINARIO regarding the purchase of the ten kilograms of heroin. MOLINA, RUIZ and SEMINARIO told CI-1, in sum and substance, that they had enough money to purchase five kilograms of heroin on that day, and CI-1, together with MOLINA, RUIZ, SEMINARIO and others, then counted the money. DEA agents electronically monitored these discussions and could hear the sound of money being counted.

6. CI-1 then left the Residence and subsequently called the defendant DANIEL SEMINARIO on the telephone to request his assistance in carrying the heroin to be sold back up to the Residence. When SEMINARIO exited the house containing the Residence, he was placed under arrest by DEA agents. Agents subsequently entered the house containing the Residence and climbed the stairs to the second floor. They then observed that the door of the Residence was open and that a large quantity of cash was in plain view on a table inside the Residence. Agents

3

also observed the defendants JAVIER MOLINA and HERIBERTO RUIZ inside the Residence and placed them under arrest.

7. After he was arrested, the defendant DANIEL SEMINARIO was advised of his <u>Miranda</u> rights and agreed to sign a form giving DEA agents consent to search the Residence, which he indicated is where he resides. Agents then seized the cash on the table that they previously observed, which totaled approximately $200,000. Agents also observed a red-and-white-striped bag sitting near the cash on the table with money flowing out of it. This was the same bag that agents observed the defendant HERIBERTO RUIZ carry into the Residence earlier that evening.

8. Based on my training and experience, ten kilograms of heroin is an amount consistent with distribution.

WHEREFORE, your deponent respectfully requests that the defendants JAVIER MOLINA, HERIBERTO RUIZ and DANIEL SEMINARIO be dealt with according to law.

JOSEPH DOHERTY
Special Agent
Drug Enforcement Administration

Sworn to before me this
13th day of April, 2011

5